# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF KENTUCKY
# NORTHERN DIVISION
# COVINGTON

| | |
|---|---|
| JANNETTE BUTCHER and RICKEY BUTCHER, | |
| Plaintiffs, | Civil Action No. 10-CV-177-WOB |
| v. | |
| PENDLETON COUNTY, et al., | MEMORANDUM OPINION AND ORDER |
| Defendants. | |

**** **** ****

Jannette Butcher and Rickey Butcher are residents of Van Lear, Kentucky, in Johnson County. On August 20, 2010, the Butchers filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983. [R. 2] The Court granted their motion to waive payment of the $350 filing fee on December 6, 2010, pursuant to 28 U.S.C. § 1915(a). [R. 7] As required by the Court, on November 9, 2010, the Butchers filed an amended complaint. [R. 5]

Federal law requires the Court to conduct a preliminary review of civil rights complaints, and to dismiss a case if it determines the action (a) is frivolous or malicious, (b) fails to state a claim upon which relief can be granted, or (c) seeks damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2); *McGore v. Wrigglesworth*, 114 F.3d 601, 607-08 (6th Cir. 1997). Because the plaintiffs are not represented by an attorney, the complaint is reviewed under a more lenient standard. *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999). At this stage the Court accepts the plaintiffs' factual allegations as true and their legal claims are liberally construed in their favor. *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001).

**I.**

In their complaint, the Butchers allege that on Sunday, February 8, 2009, they traveled to the home of Terry Sellers, her ex-husband, in Pendleton County, Kentucky, to pick up their minor daughter following a weekend visitation. [R. 2 at 1] Once she arrived, however, Jannette indicates that she was assaulted by Terry, as well as by his then-girlfriend Angie Reynolds, and two other individuals, Brad Waters and Shelbie Bruin. [R. 5 at 3] Jannette received injuries including a broken nose, fractured cheekbone, bruises, and scattered lymph nodes. [R. 2 at 1]

Jannette further indicates that Angie Reynolds then called the police and, impersonating Jannette, claimed that a kidnaped child was at the residence. [R. 5 at 3] When police officer Shannon Clems arrived at the home shortly thereafter, he grabbed Jannette from behind by the neck and restrained her. When Jannette told Clems that she could not breathe, he permitted her to stand, but indicated that he had seen Jannette attacking the others, handcuffed her, and placed her in his vehicle. [R. 5 at 5] The Butchers indicate that officer Clems was a friend of Terry Sellers and Angie Reynolds, and joked with them before driving Jannette to the county jail. [R. 2 Att. 2 at 1]

Once at the jail, Clems attempted to coerce Jannette into signing a confession to the assault charge, which she refused. [R. 5 at 5] When she asked for medical attention for her injuries, Clems did not call for medical help for more than one hour. When the paramedics indicated that Jannette should seek further medical attention at a hospital, Jannette declined to go to the hospital at that time when officer Clems advised her that doing so would further delay her release from jail. [R. 2 at 1; R. 5 at 5] Jannette indicates that prior to her release, she temporarily passed out as a result of her injuries. [R. 2 at 2] Following the incident, Jannette was formally charged with assault.

On February 9, 2009, Terry Sellers sought and obtained a domestic violence restraining order against Jannette. The order was subsequently rescinded, and the judge directed Terry to return the

minor child to Jannette's custody. [R. 5 at 3] On February 16, 2009, Terry Sellers and/or Angie Reynolds made a telephone call to Linda Thornsberry, a case worker for the Kentucky Cabinet for Health and Family Services ("CHFS"), and alleged that Jannette was neglecting the minor child, and that Jannette suffered from certain mental health conditions. [R. 2 at 2; R. 5 at 3] Two days later, Thornsberry removed the minor child from Jannette's custody and temporarily placed the child in Terry's custody pending a further hearing.

On April 21, 2009, a hearing was held on the charge, at which time officer Clems allegedly gave false testimony. [R. 5 at 3] Nonetheless, the assault charges were dismissed. Jannette indicates that Pendleton County Attorney Jeffery Dean refused to press charges against Sellers, Reynolds, Waters or Bruin arising out of the incident. [R. 5 at 2]

Prior to a hearing regarding the neglect charge on May 8, 2009, Jannette alleges that Sally Sweeny Proctor, a licensed clinical social worker hired by Terry Sellers, sent letters to Johnson County Circuit Judge Janie Wells, in which she falsely stated that Jannette had a long history of mental illness. [R. 5 at 4] During the hearing, Terry Sellers and Angie Reynolds gave testimony that Jannette indicates was false. [R. 5 at 4] While Jannette was found not guilty of neglect, the judge awarded temporary but primary physical custody of the minor child to Terry Sellars. At a subsequent hearing regarding visitation held on June 26, 2009, Jannette alleges that Proctor reiterated the false information regarding her mental health. [R. 5 at 5]

## II.

Having reviewed the allegations in the complaint, the Court finds that any civil rights claims must be dismissed with prejudice, as the allegations of the complaint either fail to state a claim or seek relief against a defendant immune from such relief. The Court will dismiss any claims arising under Kentucky law without prejudice.

First, the Butchers have named Pendleton County, Kentucky, as a defendant in this action, but have not explained for what conduct the county should be held legally responsible. The initial altercation at Sellers' residence and the subsequent legal proceedings on the assault charge took place in Pendleton County, Kentucky. The Court therefore infers that the Butchers seek to impose liability upon Pendleton County based upon its employment of officer Clems and county attorney Dean. However, a county is not vicariously liable for civil rights violations committed by its employees unless his or her actions were taken directly pursuant to and consistent with a formal policy or informal custom established by the county and in derogation of the plaintiff's constitutional rights. *Jones v. Muskegon Co.*, 625 F. 3d 935, 946 (6th Cir. 2010); *Johnson v. City of Franklin, Kentucky*, No. 1:04-CV-197-R, 2005 WL 1661975, at *4 (W.D. Ky. July 15, 2005) (*citing Monell v. New York City Dep't of Social Servs.*, 436 U.S. 658, 659 (1978). Because the Butchers do not allege that any policy or custom of Pendleton County directed the actions of Clems or Dean, their Complaint fails to state a constitutional claim against it. *Leatherman v. Tarrant Co. Narcotics Unit*, 507 U.S. 163, 165 (1993).

Second, the Butchers have sued Pendleton County Attorney Jeffery Dean, alleging that he refused to press charges against the individuals who assaulted her. However, "prosecutors are absolutely immune from liability under § 1983 for their conduct ... insofar as that conduct is intimately associated with the judicial phase of the criminal process." *Burns v. Reed*, 500 U.S. 478, 486 (1991). Under *Imbler v. Pachtman*, 424 U.S. 409 (1976), a prosecutor's decision whether to issue charges and prosecute them "clearly fall[s] within the scope of the prosecutor's duties in initiating and pursuing a criminal prosecution," entitling the prosecutor to absolute immunity from claims challenging the exercise of that discretion. *Cady v. Arenac County*, 574 F.3d 334, 339-40 (6th Cir. 2009). Because Dean's decision not to press charges against these individuals falls

squarely within his discretion as prosecutor, he is entitled to absolute immunity with respect to this claim, and it must be dismissed.

Third, the Butchers have sued Terry Sellers and Angie Reynolds, alleging that they assaulted her, and then made false assertions about her mental health condition in an effort to obtain further visitation and custodial rights over her minor child. The Butchers further contend that Sally Procter, LCSW, was hired by Terry Sellers and reiterated those false statements in letters and testimony given during judicial proceedings. However, the civil rights statute, 42 U.S.C. § 1983, permits an individual to file suit for damages and injunctive relief against someone who, acting "under color of state law," violates the plaintiff's federal civil rights. The Constitution prevents the government from taking certain actions against individuals - it does not generally prevent individuals, acting purely as private citizens, from taking such actions against others. Therefore, a claim can only be asserted under Section 1983 against a person who is acting on behalf of the state or local government. *Campbell v. PMI Food Equipment Group, Inc.*, 509 F.3d 776, 784 (6th Cir. 2007). The Supreme Court has repeatedly adhered to the principle that purely private conduct, no matter how discriminatory or wrongful, is not actionable under the civil rights laws. *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49-50 (1999). Because Sellers, Reynolds, and Procter were acting purely as private citizens, they did not act "under color of state law," and no claim under Section 1983 stands. *McArthur v. Bell*, 788 F. Supp. 706, 710 (E.D.N.Y. 1992) (witness testifying at child support modification proceedings is not acting under color of state law for purposes of Section 1983).

Fourth, the Butchers have sued officer Clems for his conduct during her arrest and subsequent incarceration on February 8, 2009, as well as for giving allegedly false testimony during the April 21, 2009, hearing on the assault charges. Federal law requires that a civil rights claim

arising out of conduct occurring in Kentucky must be filed within one year after the events complained of under KRS 413.140(1)(a). *Fox v. DeSoto*, 489 F.3d 227, 232-33 (6th Cir. 2007). In his case, the arrest, incarceration, and testimony complained of occurred in February and April 2009. Because the Butchers did not file suit until August 20, 2010, the suit was filed outside of the one year limitations period, and the claims must be dismissed as time barred.

All of the plaintiffs' claims asserting violations of their rights under the federal Constitution must be dismissed with prejudice for the reasons explained above. The Butchers' complaint does suggest that they may wish to pursue claims arising under Kentucky law, including harassment, false arrest, false imprisonment, malicious prosecution, perjury, malpractice, assault, interference with parental rights, and slander. [R. 5 at 6] However, once a federal district court has dismissed all of the federal claims which provide the basis for its subject matter jurisdiction prior to trial, the court has discretion to dismiss pendent state law claims without prejudice. 28 U.S.C. § 1367(c); *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726 (1966). In exercising that discretion, the court may consider the need to avoid the multiplicity of litigation and needlessly deciding important issues of state law. *Gamel v. City of Cincinnati*, 625 F.3d 949, 952 (6th Cir. 2010). Generally, however, "the balance of considerations usually will point to dismissing the state law claims, or remanding them to state court if the action was removed." *Musson Theatrical, Inc. v. Fed. Exp. Corp.*, 89 F.3d 1244, 1254-55 (6th Cir. 1996). Because all of the plaintiffs and defendants are Kentucky residents, the claims arise under Kentucky law, and the Court can discern no important federal interest in deciding the issues presented, the Court concludes that the exercise of supplemental jurisdiction is unwarranted over state law claims best decided by Kentucky courts. The Court further notes that the Butchers' complaint suggests that legal proceedings regarding the custody and visitation matters may still be pending in the state courts. The fact that proceedings

may be ongoing in the circuit courts of Pendleton or Johnson County further counsels against permitting claims related to those proceedings to be entertained here. *Cf. Meyers v. Franklin Co. Court of Common Pleas*, 23 F. App'x 201, 204 (6th Cir. 2001) ("cases out of the Supreme Court and this Court make it clear that abstention is generally appropriate in matters of family relations such as child custody.").

Accordingly, **IT IS ORDERED** that:

1. The civil rights claims asserted pursuant to 42 U.S.C. § 1983 by Plaintiffs Jannette Butcher and Rickey Butcher against Defendants Pendleton County, Kentucky; attorney Jeffery Dean; Officer Shannon Clem; Terry Sellars; Angie Sellars; and Sally Sweeney Procter [R. 3, 5] are **DISMISSED WITH PREJUDICE**.

2. The Court declines to exercise supplemental jurisdiction over any claims asserted under state law, and such claims are **DISMISSED WITHOUT PREJUDICE**.

3. A separate Judgment shall enter concurrently herewith.

This 9th day of May, 2011.



Signed By:
William O. Bertelsman  WOB
United States District Judge